**E-FILED**
Friday, 11 March, 2011  06:43:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

    *v.*                                 Case No. 11-mj-03009

KENNETH R. TERPENING,

        Defendant.

_____

### DEFENDANT TERPENING'S NOTICE OF AN INSANITY DEFENSE AND NOTICE OF EXPERT EVIDENCE OF A MENTAL CONDITION

_____

**NOW COMES** the defendant, **KENNETH R. TERPENING**, by attorney Thomas G. Wilmouth, and hereby provides government counsel with notice in writing pursuant to FED. R. CRIM. P. 12.2(a) of his intent to assert a defense of insanity at the time of the alleged offense. Additionally, pursuant to FED. R. CRIM. P. 12.2(b), the defendant provides notice of his intent to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt concerning the offenses set forth in the criminal complaint on file in the matter. This is not a motion to determine the mental competency of the defendant.

There is nothing in the applicable rules or relevant case law that prohibits the filing

1

of this notice pre-indictment.  In addition, the filing of a notice of insanity defense typically tolls the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv) [delay allowing the parties reasonable time necessary for effective preparation], and the Speedy Trial Act exclusion provisions also applies to computing  the time within which an indictment must be filed.  As such, it would appear a notice of insanity defense may be filed pre-indictment and allowing such filing, the Court may toll the time in which the government must file an indictment because the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

Pursuant to FED. R. CRIM. P. 12.2(c)(1)(B), the Court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242.  18 U.S.C. § 4242(a) provides that a psychiatric or psychological examination of the defendant be conducted and that a report be filed with the Court, pursuant to the provisions of §§ 4247(b) and ©.  18 U.S.C. § 4247(b) provides that the Court may commit the defendant to be examined for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility for such examination.  18 U.S.C. § 4247© sets forth the requirements of the psychiatric or psychological report to be filed with the Court.

On March 7, 2011, the Court  entered an Order directing the United States Marshals Service to transfer the defendant to a federal facility outside the Central District of Illinois

2

suitable for evaluation and consensual treatment of the defendant's reported medical conditions. [d/e 10].  It is anticipated that the physical and mental evaluation of the defendant, the latter pursuant to the defendant's instant filing and the government's anticipated motion, may be accomplished at the same facility.

In order to ensure compliance with appropriate time limits for the holding of a detention hearing in this matter pursuant to 18 U.S.C. §3142, the defense is filing this date the defendant's written waiver of his right to a detention hearing.

The defendant does not waive his right to a preliminary hearing.  However, pursuant to FED. R. CRIM. P. 5.1(d), through counsel he consents to an extension of the time limits in Rule 5.1© for the scheduling of the hearing, believing there is a showing of good cause by the filing of this notice and the defendant's transport for medical and mental health evaluations. Pursuant to Rule 5.1(d), even without the defendant's consent, the Magistrate Judge may extend the time limits for holding the preliminary hearing based upon a showing that extraordinary circumstances exist and justice requires the delay.

The various circumstances in this case are extraordinary and the ends of justice served by the tolling of all time limits involved in this prosecution outweigh the best interest of the public and the defendant in a speedy processing and trial based upon the following:  (1) the medical condition of the defendant and his consent to transport and evaluation, if not treatment; (2) the defendant's notice of intent to assert a defense of  insanity at the time of

the alleged offense and intent to introduce expert evidence relating to a mental disease or defect or any other medical condition of the defendant bearing on the issue of guilt, and the adequate time required  for the Government's anticipated examination of the defendant's mental state at the time of the offense; and (3) the need of the government and attorney for the defendant to have reasonable time necessary for effective preparation for trial or resolution of the case short of trial, post-evaluations of the defendant.

Dated at Springfield, Illinois this 11th day of March, 2011.

Respectfully submitted,

By: __s/ Thomas G. Wilmouth_____
Thomas G. Wilmouth
Assistant Federal Public Defender
WI State Bar ID 1011746
600 East Adams Street, 2nd Floor
Springfield, Illinois  62701
Telephone: (217) 492-5070
Fax: (217) 492-5077
E-mail: tom_wilmouth@fd.org

**COUNSEL FOR KENNETH R. TERPENING**

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:


Jason M. Bohm
Assistant United States Attorney
Office of the United States Attorney
318 South Sixth Street
Springfield, Illinois 62701


By:  __s/ Thomas G. Wilmouth_____
      Thomas G. Wilmouth
      Assistant Federal Public Defender
      WI State Bar ID 1011746
      600 East Adams Street, 2nd Floor
      Springfield, Illinois  62701
      Telephone: (217) 492-5070
      Fax: (217) 492-5077
      E-mail: tom_wilmouth@fd.org


      **COUNSEL FOR KENNETH R. TERPENING**

5